Jennifer M. Jensen (ISB # 9275)
Anne Henderson Haws (ISB #10412)
Cameron L. McCue (ISB # 12329)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone:  208.342.5000
JMJensen@hollandhart.com
AHHaws@hollandhart.com
CLMcCue@hollandhart.com

*Attorneys for Plaintiff Energy Enhancement System, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ENERGY ENHANCEMENT SYSTEM, LLC, a Nevada limited liability company,<br><br>          Plaintiff.<br><br>vs.<br><br>SUSAN BOWMAN, an individual, and 7B ENERGY WELLNESS CENTER LLC, an Idaho limited liability company,<br><br>          Defendants. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Energy Enhancement System, LLC ("EES" or "Plaintiff") by and through

its attorneys, Holland & Hart LLP, hereby asserts its Complaint against Defendants Susan

Bowman ("Bowman") and 7B Energy Wellness Center LLC (the "Wellness Center")

(together "Defendants") as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL  - 1

## I.    INTRODUCTION

1.    Susan Bowman held a license to EES's proprietary Energy Enhancement System ("EESystem") at her Wellness Center in Sandpoint, Idaho. The EESystem is a wellness product used by people all over the world, which uses custom-configured computers to create an energy field which is enhanced by scalar wave technology and bio-photonic light.

2.    The EESystem is designed and calibrated to operate on a one-to-one computer-to-screen ratio, meaning that, when installed and calibrated, each computer is connected to one screen only.

3.    In 2023, pursuant to the written license agreement it had with Bowman, EES installed, calibrated, and activated the EESystem Technology for her at the Wellness Center. The Technology was installed and calibrated to EES's "Precise Alignment Specifications" on 24 computers.

4.    Bowman's license restricted her from modifying the EESystem Technology and required her to keep the Technology calibrated to EES's Precise Alignment Specifications.

5.    Bowman modified the EESystem and failed to keep the Technology calibrated as required by her license. In June 2025, EES became aware that Bowman had violated her license agreement by installing and using "splitters" to connect just 12

COMPLAINT AND DEMAND FOR JURY TRIAL  - 2

computers with her 24 screens at her Wellness Center. EES also became aware that Bowman intends to or is attempting to sell the other 12 computers.

6.     Bowman is interfering with EES's business relationships. Bowman is encouraging other wellness center owners and EESystem licensees to split their one-to-one computer-to-screen connections like she did. Bowman created and published a video to show other wellness center owners and licensees how to install splitters within their EESystems.

7.     Bowman is marketing the EESystem as a competing brand. Bowman published a statement on the website for the Wellness Center that provides that Wellness Center "features a technology called The Light System (TLS) formerly known as the Energy Enhancement System (EES)." The statement is untrue. EES's system and Technology has not been rebranded as The Light System.

8.     Bowman has also charged products, namely jewelry, using the EESystem and offered the jewelry for resale to customers. This is prohibited by her License Agreement.

9.     Upon learning about Bowman's violations of her license agreement, EES sent Bowman a letter, terminating the agreement due to her material breaches, demanding that she stop offering the EESystem to the public (as The Light System), and that she provide EES timely access to her computer equipment to remove the EESystem Technology, which is EES property. To date, Bowman has not complied nor has EES received a response to its termination and demand.

COMPLAINT AND DEMAND FOR JURY TRIAL  - 3

## II.    JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant Bowman resides in Idaho, Defendant Wellness Center is an Idaho limited liability company, and a substantial part of the events giving rise to the claims occurred in this District.

## III.    PARTIES

12.    Plaintiff Energy Enhancement System, LLC is a limited liability company organized and existing under the laws of Nevada, with its principal place of business at 10086 Ashiem Street, Las Vegas, Nevada.

13.    Defendant Susan Bowman is an individual residing in Sandpoint, Idaho who uses the address 3077 N. Kootenai, Sandpoint, Idaho.

14.    Defendant 7B Energy Wellness Center LLC is an Idaho limited liability company with the principal office address of 3077 N. Kootenai, Sandpoint, Idaho.

## IV.    FACTUAL BACKGROUND

**A.    The EESystem and Bowman License Agreement.**

15.    EES developed a proprietary wellness technology known as the Energy Enhancement System ("EESystem" or "Technology").

16.    EES licenses its EESystem, a wellness product, to customers across the globe.

COMPLAINT AND DEMAND FOR JURY TRIAL  - 4

17.    An EESystem can be installed and customized to a variety of spaces, including at meditation and wellness centers that make an EESystem available to the public as a wellness service.

18.    On April 19, 2023, EES and Bowman entered into a Research License Agreement (the "License Agreement") whereby EES granted Bowman a limited, non-exclusive, non-transferable license (the "License") to use EES's proprietary EESystem. A true and complete copy of the License Agreement is attached to this Complaint as **Exhibit A**.

19.    Under the License Agreement, Bowman received 24-unit EESystem Technology-enhanced computers with 24 monitors for use at her designated installation site, the Wellness Center.

20.    Section 1.1 of the License Agreement provides that Bowman does not own the EESystem software. It provides that the security devices or "dongles" installed with the EESystem are the sole property of EES, and that "[a]ll sales of pre-owned EESystem™ equipment are required to be re-assigned through" EES, "with proper installation and a new License agreement." Section 1.1 further provides that Bowman "is not authorized to charge consumer/retail products for resale under" the License.

21.    Section 1.3 of the License Agreement prohibits Bowman from modifying the Technology. Specifically, Bowman agreed "not to personally or allow any other person or entity to copy, duplicate, modify the Technology, or attempt to decipher,

decompile, disassemble, or in any way attempt to reverse engineer" the EESystem Technology.

22.     Section 1.4 of the License Agreement specifically limits Bowman's License to sole use on 24 computers at the Wellness Center and prohibits Bowman from assigning, selling, timesharing, loaning, leasing, sublicensing, or renting the Technology without EES's prior written consent.

23.     Section 1.5 of the License Agreement prohibits Bowman from making "any claims in advertising, publish or otherwise using any media or any form thereof, U.S. or International, without the prior written consent" of EES.

24.     Section 1.9(2) of the License Agreement requires Bowman "to keep the Technology calibrated to Energy Enhancement System, LLC's Precise Alignment Specifications utilizing the Re-Calibration kit supplied."

25.     Section 1.8 of the License Agreement reserves EES's right to revoke and/or terminate the Agreement "in the event of misuse or reconfiguration of the Technology and/or associated equipment in a manner that is not acceptable to Licensor." Section 1.8 further provides that, upon termination of the License Agreement, Bowman must "allow Licensor, or Licensor's authorized agent's immediate access to remove" the EESystem Technology "that has been installed" on her computers. Although all computer equipment remains property of Bowman at termination, the security key dongle remains the property of EES. The License Agreement provides that it is to be governed by the laws of Nevada,

unless federal copyright, trademark or patent issues, or international law issues are presented.

**B.    Bowman's Known Breaches of the License Agreement.**

26.    At the time of filing this Complaint, EES is aware of the following breaches of the License Agreement. EES expressly reserves the right to show that Bowman has breached the License Agreement in other respects should such breaches be discovered in the course of this litigation.

27.    In breach of Sections 1.3 and 1.9(2) of the License Agreement, Bowman applied "splitters" to use only 12 computers with 24 screens, thereby modifying the EESystem Technology and failing to maintain the required 24 computers calibrated to EES's Precise Alignment Specifications.

28.    In breach of Section 1.4 of the License Agreement, Bowman has attempted or intends to sell her remaining 12 computers without EES's prior written consent.

29.    In further breach of Section 1.3 of the License Agreement, Bowman is marketing the EESystem as "a technology called The Light System (TLS) formerly known as the Energy Enhancement System (EES)."

30.    In breach of Section 1.1, Bowman charged jewelry with the EESystem and offered it for retail sale/resale.

31.    In further breach of the License Agreement, Bowman has created and published instructional videos explaining how to use splitters with EESystem

Technology, encouraging other EES center owners to similarly breach their licensing agreements with EES.

32.    On June 11, 2025, EES properly terminated the License Agreement for cause based on Bowman's breaches and misuse of the EESystem Technology.

33.    Following termination, Bowman has no right to continue using, offering to the public, or otherwise exploiting EES's proprietary Technology.

34.    EES has been harmed as a direct and proximate result of Bowman's actions. The harm to EES includes the lost value of its personal property that Bowman refuses to return, the compromise of proprietary technology, loss of business relationships with other licensees, and reputation damage to EES.

35.    EES has suffered and continues to suffer damages in an amount in excess of $75,000 to be proven at trial.

## Count I
## BREACH OF CONTRACT

36.    EES incorporates by reference all preceding allegations.

37.    The License Agreement constitutes a valid and enforceable contract between EES and Bowman.

38.    EES has performed all conditions, covenants, and promises required on its part to be performed under the License Agreement.

39.    Bowman has materially breached the License Agreement by: (a) modifying the EESystem Technology through use of splitters; (b) failing to maintain 24 computers calibrated to EES's specifications; (c) attempting to sell computers without EES's

consent; (d) intending to use and/or using EESystem hardware with unauthorized software; and (e) charging products with the EESystem and offering them for sale/resale.

40.    As a direct and proximate result of Bowman's material breaches, EES has suffered and continues to suffer damages in an amount to be proven at trial.

## Count II
## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

41.    EES incorporates by reference all preceding allegations.

42.    Bowman and EES were parties to the License Agreement, a contract.

43.    Bowman owed a duty of good faith to EES.

44.    Bowman beached that duty by performing in a manner that was unfaithful to the purposes of the License Agreement.

45.    EES's justified expectation that Bowman would perform her duties in good faith under the License Agreement was denied by her actions.

46.    As a direct and proximate result of Bowman's breach of the implied covenant of good faith and fair dealing, EES has suffered and continues to suffer damages in an amount to be proven at trial.

## Count III
## TORTIOUS INTERFERENCE WITH
## CONTRACTUAL RELATIONS

47.    EES incorporates by reference all preceding allegations.

48.    EES has valid and existing license agreements and business relationships with individuals and businesses throughout the United States and across the globe for the use of its EESystem.

COMPLAINT AND DEMAND FOR JURY TRIAL  - 9

49.    Defendants had knowledge of these existing contractual relationships through Bowman's license agreement with EES, their participation in the EESystem network, and their communications with other licensees and wellness center operators.

50.    With full knowledge of these contractual relationships, Defendants intentionally engaged in conduct designed to disrupt and interfere with EES's contractual relations. This conduct includes, but is not limited to, publishing and distributing instructional videos encouraging other licensees to breach their agreements with EES, promoting unauthorized modifications to the EESystem Technology, and disparaging EES's products and business practices.

51.    Defendants' actions were undertaken with the intent to induce breaches of contract and to undermine EES's contractual relationships without legal justification.

52.    As a direct and proximate result of Defendants' intentional interference, EES has suffered actual disruption of its contractual relationships, including breaches by third parties, loss of contractual benefits, and economic damages in an amount to be proven at trial.

**Count IV**
**TORTIOUS INTERFERENCE WITH**
**PROSPECTIVE ECONOMIC ADVANTAGE**

53.    EES incorporates by reference all preceding allegations.

54.    EES had a prospective contractual relationship with third parties, including potential licensees, customers, and wellness center operators, who were interested in acquiring or continuing to use EES's proprietary EESystem Technology.

COMPLAINT AND DEMAND FOR JURY TRIAL  - 10

55.    Defendants knew of EES's prospective relationships through their prior business dealings with EES, their access to EES's customer and licensee network, and their participation in the wellness center community.

56.    Defendants intentionally interfered with these prospective relationships by publishing false and misleading statements about the EESystem Technology, promoting unauthorized modifications to the Technology, and encouraging other wellness center operators to breach their license agreements with EES.

57.    Defendants' conduct was undertaken with the intent to harm EES's business interests and to divert potential customers and licensees away from EES and was done without privilege or legal justification.

58.    As a direct and proximate result of Defendants' tortious interference, EES has suffered and continues to suffer actual harm and damages in an amount to be proven at trial.

**Count V**
**VIOLATIONS OF THE IDAHO CONSUMER PROTECTION ACT**

59.    EES incorporates by reference all preceding allegations.

60.    EES, as a consumer, purchased goods in the form of EESystem technology and services related thereto, which were licensed for use by Defendants under the License Agreement.

61.    Defendants engaged in unfair or deceptive acts or practices declared unlawful under the Idaho Consumer Protection Act by falsely representing to third parties, including other wellness center operators and potential customers, that EES's

COMPLAINT AND DEMAND FOR JURY TRIAL  - 11

proprietary EESystem Technology could be modified using "splitters" without affecting its performance or violating licensing terms.

62.     Defendants also made misleading statements suggesting that the EESystem is now known as the "The Light System."

63.     These statements were false and were made by Defendants to promote their own commercial interests, divert business from EES, and interfere with EES's relationships with its licensees and customers.

64.     Defendants' unfair and deceptive acts or practices have caused EES to suffer an ascertainable loss of property, including but not limited to disruption to EES's business operations, damage to proprietary technology value, and harm to EES's business reputation and contractual relationships, in an amount to be proven at trial.

65.     EES seeks appropriate relief under Idaho Code § 48-608, including compensatory damages, attorneys' fees, and any other relief deemed appropriate by the Court.

66.     As a direct and proximate result of Defendants' deceptive trade practices, EES has suffered damages, including but not limited to lost business opportunities, reputational harm, and the need to expend resources to correct the false narrative and mitigate the damage caused by Defendants' conduct.

67.     As a direct and proximate result of Defendants' deceptive trade practices, EES has suffered damages, including but not limited to lost business opportunities,

reputational harm, and the need to expend resources to correct the false narrative and mitigate the damage caused by Defendants' conduct.

68.    EES also seeks preliminary and permanent injunctive relief prohibiting Defendants from further engaging in deceptive trade practices, including the unauthorized use or promotion of EES's Technology and the dissemination of false or misleading statements about EES or its products.

**Count VI**
**DECLARATORY RELIEF**

69.    EES incorporates by reference all preceding allegations.

70.    EES is a party to the written License Agreement with Defendant Bowman governing the use of EES's proprietary EESystem Technology. That agreement defines the parties' respective rights and obligations, including restrictions on modification, resale, and continued use of the Technology following termination.

71.    EES seeks a judicial declaration confirming that: (a) the License Agreement was validly terminated for cause; (b) Defendants have no further rights to use, promote, or profit from the EESystem; and (c) EES is entitled to reclaim its proprietary Technology and enforce the contractual restrictions against Defendants.

72.    A declaratory judgment is necessary to resolve this dispute and clarify the parties' legal rights and obligations under the License Agreement.

**Count VII**
**UNJUST ENRICHMENT (IN THE ALTERNATIVE)**

73.    EES conferred a benefit on Defendants by providing access to its proprietary EESystem Technology, including the installation, calibration, and support of

the EESystem, as well as the goodwill and brand recognition associated with the EESystem.

74.    Defendants knowingly accepted and retained the benefit of EES's proprietary Technology and associated services, including continued use of the EESystem after termination of the License Agreement and the unauthorized promotion of EES's Technology as "The Light System" to third parties.

75.    Defendants have continued to exploit the EESystem Technology for their own commercial gain, including by offering wellness services to the public using EES's proprietary system and by encouraging others to replicate unauthorized modifications.

76.    Under the circumstances, it would be inequitable for Defendants to retain the benefits conferred by EES without compensating EES for the value of those benefits, particularly given Defendants' breaches of the License Agreement and continued unauthorized use of EES's intellectual property.

77.    EES is entitled to restitution in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EES respectfully requests that this Court:

A.    Enter judgment in favor of EES on all counts;

B.    Award EES damages in an amount in excess of $75,000 to be proven at trial;

C.    To the extent that any of EES's property is damaged, award damages for the cost of repairing or replacing damages or destroyed property;

COMPLAINT AND DEMAND FOR JURY TRIAL  - 14

D.    Issue a permanent injunction:

i.    Prohibiting Defendants from using, offering, or exploiting the EESystem;

ii.    Requiring Defendants to provide immediate access for removal of all EESystem Technology and equipment;

iii.    Prohibiting Defendants from encouraging or assisting others in breaching their EES licensing agreements and requiring that Defendants remove any content available to third parties regarding the same; and

iv.    Prohibiting Defendants from the unauthorized promotion of EES's Technology as "The Light System."

E.    Award EES its reasonable attorneys' fees and costs incurred in this action;

F.    Award EES pre-and post-judgment interest; and

G.    Grant such other and further relief as this Court deems just and proper.

DATED:  June 23, 2025


                    HOLLAND & HART LLP


                    By: */s/ Anne Henderson Haws*
                         Jennifer M. Jensen
                         Anne Henderson Haws
                         Cameron L. McCue
                         *Attorneys for PLAINTIFF ENERGY*
                         *ENHANCEMENT SYSTEM, LLC*

35174036_v4


COMPLAINT AND DEMAND FOR JURY TRIAL  - 15